UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————————

TONY SMITH,

                    Plaintiff,              12 Civ. 8131 (JGK)

        - against -                        MEMORANDUM OPINION
                                           AND ORDER
CITY OF NEW YORK,

                    Defendant.
————————————————————————————————

JOHN G. KOELTL, District Judge:

    Plaintiff Tony Smith brought this action against the City

of New York ("the City") pursuant to 42 U.S.C. § 1983, alleging

that he was subjected to an unlawful arrest, an unlawful strip

search, and unconstitutional conditions of confinement in the

period 2007-2008.  In a Memorandum Opinion and Order dated

January 20, 2014 and filed on January 23, 2014, the Court

granted the City's motion to dismiss the plaintiff's Amended

Complaint in its entirety on the basis that the claims were

barred by the three-year statute of limitations applicable to

claims under § 1983.  Judgment was entered on January 29, 2014.

    The plaintiff has filed a document dated February 21, 2014,

received by the Court on March 5, 2014, and docketed on March

10, 2014, objecting to the dismissal of the Amended Complaint on

the basis that the statute of limitations was tolled because the

plaintiff was allegedly insane at the time the causes of action

accrued.  The Court construes this filing as a motion for

reconsideration.  The City argues that the plaintiff's motion
should be denied for three reasons: 1) because it is untimely;
2) because it raises new arguments that cannot properly be
raised on a motion for reconsideration; and 3) because the
plaintiff has failed to demonstrate that he was mentally
impaired when his claims accrued.  For the reasons that follow,
the plaintiff's motion is denied.

I.

The City argues, first, that the Court should deny the
plaintiff's motion as untimely because it was filed more than
fourteen days after entry of the Memorandum Opinion and Order
granting the City's motion to dismiss the plaintiff's claims,
and it was therefore untimely under Local Rule 6.3.

Under the "prison mailbox rule," a submission from an
incarcerated pro se litigant is generally deemed to have been
filed when it is given to prison officials.  See Noble v. Kelly,
246 F.3d 93, 97 (2d Cir. 2001); see also Harrison v. Harlem
Hosp., 364 F. App'x 686, 687 (2d Cir. 2010) (summary order).
"[I]n the absence of contrary evidence, district courts in this
circuit have tended to assume that prisoners' papers were given
to prison officials on the date of their signing."  Hardy v.
Conway, 162 F. App'x 61, 62 (2d Cir. 2006) (summary order)

(collecting cases).  Accordingly, the Court deems the
plaintiff's motion as having been filed on February 21, 2014—the
date of its signing.

The plaintiff has not indicated the source of authority
under which his motion arises.  Where there is no indication
which rule applies, "courts have considered a motion [for
reconsideration] to be either a Rule 59(e) motion to alter or
amend a judgment, or a Rule 60(b) motion for relief from a
judgment or order."  Ass'n for Retarded Citizens of Conn., Inc.
v. Thorne, 68 F.3d 547, 553 (2d Cir. 1995).  Motions to alter or
amend a Judgment pursuant to Rule 59(e) must be brought within
twenty-eight days of the entry of Judgment.  Fed. R. Civ. P.
59(e).  Motions for relief from a final Judgment pursuant to
Rule 60(b) must be made "within a reasonable time—and [when made
pursuant to Rule 60(b)(1), (2), or (3)], no more than a year
after entry of the judgment . . . ."  Fed. R. Civ. P. 60(c)(1).
The fourteen-day time limit applicable to motions under Local
Rule 6.3 does not, for present purposes, trump the time limits
applicable under Rules 59(e) and 60(b) for motions directed to
modifying a Judgment.  See Simpson v. City of New York, No. 12
Civ. 6577, 2014 WL 595759, at *1 (S.D.N.Y. Feb. 10, 2014);
S.E.C. v. Boock, No. 09 Civ. 8261, 2012 WL 3133638, at *7
(S.D.N.Y. Aug. 2, 2012).  The plaintiff filed his motion twenty-

three days after entry of Judgment in this case, which is well within the twenty-eight-day limit applicable to Rule 59(e) motions, and also "within a reasonable time" for Rule 60(b) purposes.  Cf. Aneja v. M.A. Angeliades, Inc., No. 05 Civ. 9678, 2010 WL 199681, at *1-2 (S.D.N.Y. Jan. 12, 2010).  Thus, regardless of which rule applies, the motion was timely.[1]

---

[1] The plaintiff filed a notice of appeal dated February 7, 2014—fourteen days before the plaintiff filed his motion for reconsideration.  Although a notice of appeal ordinarily divests a district court of jurisdiction, a timely filed motion for reconsideration postpones the efficacy of a notice of appeal until after the District Court rules on the motion for reconsideration.  See Maksymowicz v. Weisman & Calderon, LLP, No. 14 Civ. 1125, 2014 WL 1760319, at *1 (S.D.N.Y. Feb. 2, 2014); Basciano v. Lindsay, No. 97 Civ. 421, 2008 WL 1700442, at *1 (E.D.N.Y. Apr. 9, 2008) (collecting cases and authorities), aff'd, 315 F. App'x 50 (2d Cir. 2009) (summary order); see also Fed. R. App. P. 4(a)(4)(B)(i).  This principle applies even when the motion for reconsideration is filed after the notice of appeal.  See Gaudagni v. N.Y. City Transit Auth., No. 08 Civ. 3163, 2009 WL 750224, at *2 n.3 (E.D.N.Y. Mar. 19, 2009); see also Fed. R. App. P. 4, Advisory Committed Notes to 1993 Amendments, Note to Paragraph (a)(4) ("A notice filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of . . . ." (emphasis added)).  Accordingly, the Court has jurisdiction over the plaintiff's motion for reconsideration, and the notice of appeal will become effective when this Memorandum Opinion and Order is entered.

4

II.

While there are no formal guidelines, courts have recognized four basic grounds on which a motion for reconsideration may be granted: the need to prevent manifest injustice, the need to correct errors of law or fact, the availability of new evidence, or an intervening change in controlling law.  Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992); see also Ayazi v. United Fed'n of Teachers Local 2, 487 F. App'x 680, 681-82 (2d Cir. 2012) (summary order).  Reconsideration of a court's prior order "is an extraordinary remedy to be employed sparingly" in the interest of finality.  Oji v. Yongers Police Dept., No. 12 Civ. 8125, 2013 WL 4935588, at *1 (S.D.N.Y. Sept. 11, 2013); In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted).  On a motion for reconsideration, a party may not "advance new facts, issues or arguments not previously presented to the Court." Maksymowicz, 2014 WL 1760319, at *1; Oji, 2013 WL 4935588, at *1.

The plaintiff argues that his claims are not time barred because the applicable statute of limitations should be tolled for insanity pursuant to N.Y. C.P.L.R. § 208.  The plaintiff had the opportunity to raise this argument in responding to the City's motion to dismiss, but he failed to do so, and he has not

provided any valid reason why this argument could not have been advanced when the motion was originally argued.  See Kremer v. N.Y. State Ins. Dep't, No. 06 Civ. 9949, 2009 WL 2776637, at *2 (S.D.N.Y. Sept. 1, 2009); Amaker v. Coombe, No. 96 Civ. 1622, 1999 WL 6362, at *1 (S.D.N.Y. Jan. 7, 1999).  A motion for reconsideration cannot be used to introduce new arguments which could have been brought to the Court's attention at the time the original motion was considered, and the plaintiff's motion must therefore be denied.  See Kremer, 2009 WL 2776637, at *2; Amaker, 1999 WL 6362, at *1.


                                III.

     For purposes of completeness, the Court notes that the plaintiff has failed to proffer a proper basis for equitable tolling pursuant to N.Y. C.P.L.R. § 208,[2] and his argument that his claims are not time barred is therefore without merit.

_____

[2] The plaintiff relies explicitly on N.Y. C.P.L.R. § 208 in arguing for equitable tolling.  In opposing the plaintiff's motion, the defendant has relied on cases applying federal rules of equitable tolling.  See, e.g., Iavorski v. INS, 232 F.3d 124, 129-30 (2d Cir. 2000).  "Although federal law determines when a section 1983 claim accrues, state tolling rules determine whether the limitations period has been tolled [for section 1983 claims], unless state tolling rules would defeat the goals of section 1983."  Abbas v. Dixon, 480 F.3d 636, 641 (2d Cir. 2007) (citation and internal quotation marks omitted).  In this action, there has been no showing that state tolling rules would

In deciding the defendant's motion to dismiss, the Court concluded that the plaintiff's claims were time barred because the Complaint was filed well outside of the three-year limitations period applicable to claims under § 1983 in New York.[3] "Under New York law, the statute of limitations period [applicable to a § 1983 claim] may be extended if a person entitled to commence an action is under a disability because of infancy or insanity at the time the cause of action accrues." Baroor v. N.Y. City Dep't of Educ., 362 F. App'x 157, 160 (2d Cir. 2010) (summary order) (quoting N.Y. C.P.L.R. § 208). "The person claiming the benefit of the toll must establish that the mental affliction either existed at the time of the accrual of

---

defeat the goals of § 1983, and New York state law therefore governs the tolling analysis. The plaintiff has not argued that he is entitled to delayed accrual of his causes of action under federal rules of accrual, nor has he alleged that he was unaware of his injuries at the time they occurred—accordingly, federal rules governing accrual do not salvage his claims from the applicable time bars. See, e.g., Twersky v. Yeshiva Univ., -- F. Supp. 2d --, 2014 WL 314728, at *6-8 (S.D.N.Y. 2014).

[3] The claims accrued, at the very latest, by the end of 2008, and this lawsuit was not initiated until October 29, 2012—the day the original Complaint was signed, see Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993), which was well after the three-year limitations period had expired. See Owens v. Okure, 488 U.S. 235, 251 (1989). The Court's Memorandum Opinion and Order granting the defendant's motion to dismiss mistakenly stated that the Complaint was dated December 24, 2012, but this mistake had no bearing on the outcome of the motion to dismiss, and it has no bearing on the present motion for reconsideration.

the cause of action, or that it was caused by the event upon which the lawsuit is predicated." Luciano v. City of New York, 684 F. Supp. 2d 417, 420 (S.D.N.Y. 2010) (citations omitted). The toll is construed to apply narrowly, and it is only available to those who are "unable to protect their own legal rights because of an overall inability to function in society." Id. (citation omitted).  Therefore, trauma or mental illness alone are insufficient absent a "demonstrated inability to function."  Id. (citation and internal quotation marks omitted); see also Swartz v. Berkshire Life Ins. Co., No. 99 Civ. 9462, 2000 WL 1448627, at *5 (S.D.N.Y. Sept. 28, 2000) ("Difficulty in functioning is not sufficient to establish insanity for the purposes of § 208; rather, the plaintiff must be totally unable to function as a result of a severe and incapacitating disability." (citation and internal quotation marks omitted)).

The plaintiff argues that he is entitled to equitable tolling because injuries he suffered from an accident in 1997 caused "permanent brain damage," amnesia, and "[a]ntisocial personality disorder" that persisted through 2014, "such that [the plaintiff] was unable to protect his legal rights" during the limitations period.  (Pl.'s Mem. at 5.)  In support of this argument, the plaintiff has provided an April 24, 2013 report by the Connecticut Department of Mental Health and Addiction

Services on his competency to stand trial, prepared by a clinical team consisting of a psychiatrist, a clinical psychologist, and a licensed clinical social worker who evaluated the plaintiff on April 18, 2013 in connection with other proceedings.  (See Pl.'s Mem. at 6 ("Competency Report").)  Although the report notes that the plaintiff had been diagnosed with antisocial personality disorder and assessed with low to average intelligence, the clinical team unanimously concluded that the plaintiff was able to understand the proceedings against him and to assist in his defense.  (Competency Report at 1, 2.)  The report also notes that the plaintiff was found competent to stand trial during a separate evaluation performed by the Office of Forensic Evaluations in 2009.  (Competency Report at 1, 2.)

The plaintiff's allegations and evidence do not demonstrate the requisite "total inability to function" during the limitations period.  The clinical team that evaluated the plaintiff concluded that any mental illness or trauma did not preclude him from understanding his proceedings or assisting in his own defense.  Thus, if anything, the plaintiff's evidence tends to undermine his own position.  Cf. De los Santos v. Fingerson, No. 97 Civ. 3972, 1998 WL 740851, at *5 (S.D.N.Y. Oct. 23, 1998).  The earlier evaluation referenced in the

report, which took place in July 2009, resulted in the same finding and therefore provides equally little support for the plaintiff's allegations of insanity.  Accordingly, the plaintiff has made no showing of a demonstrated inability to function from 2008 through 2011, the relevant period for the statute of limitations,[4] and he would therefore not be entitled to tolling for insanity.  See Luciano, 684 F. Supp. 2d at 420; Swartz, 2000 WL 1448627, at *5.

IV.

The plaintiff has filed a motion for leave to proceed *in forma pauperis* on appeal.  "The decision of whether to grant a request to proceed *in forma pauperis* is left to the District Court's discretion under 28 U.S.C. § 1915.  The Court's discretion is limited in that: An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."  Burda Media Inc. v. Blumenberg, 731 F. Supp. 2d 321, 322-23 (S.D.N.Y. 2010) (citations and internal quotation marks omitted).  The "good faith" standard is an objective one, and it is not met when a party seeks review of

---

[4] The plaintiff also fails to explain how injuries allegedly occurring in 1997 prevented him from bringing his claims during a limitations period that ended in 2011, but did not prevent him from bringing his claims in October 2012.

a frivolous claim.  See Coppedge v. United States, 369 U.S. 438, 445 (1962); Linden v. Harper & Row Publishers, 490 F. Supp. 297, 300 (S.D.N.Y. 1980) (applying the objective good faith standard in the civil context).  Here, the plaintiff has failed to demonstrate that his time-barred claims have any merit.  Accordingly, the plaintiff's application to proceed in forma pauperis on appeal is denied, without prejudice to his ability to seek the same relief from the Court of Appeals.  See Coppedge, 369 U.S. at 445.

CONCLUSION

The Court has considered all of the arguments of the parties.  To the extent not specifically addressed above, the remaining arguments are either moot or without merit.  For the reasons explained above, the plaintiff's motion for reconsideration is **denied**, and the plaintiff's motion to proceed in forma pauperis on appeal is **denied**.  The Clerk is directed to **close all pending motions** and to **close this case.**

**SO ORDERED.**

**Dated:      New York, New York**
**            June 9, 2014          _____/s/_____**
**                                  John G. Koeltl**
**                            United States District Judge**